THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

EZRA ALEM,

          Plaintiff,

   v.

ADRIAN DIAZ, *et al.*,

          Defendants.

CASE NO. C22-0513-JCC

MINUTE ORDER

      The following Minute Order is made by direction of the Court, the Honorable John C. Coughenour, United States District Judge:

      This matter comes before the Court *sua sponte*. The Court must dismiss an *in forma pauperis* complaint before service if the action fails to state a claim, raises frivolous or malicious claims, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). On April 21, 2022, United States Magistrate Judge Michelle L. Peterson granted Plaintiff's motion to proceed *in forma pauperis* and recommended that the complaint be reviewed under § 1915(e)(2)(B) before the issuance of a summons. (Dkt. No. 4.)

      Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the grounds for the court's jurisdiction" and "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(1), (2). Conclusory allegations of law and unwarranted factual inferences are not sufficient to state a claim. *Vasquez*

*v. L.A. Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). Dismissal is appropriate if a complaint fails to put forth "a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). Similarly, courts may dismiss based on qualified immunity under § 1915(e)(2)(B)(iii) "if it is clear from the complaint that the plaintiff can present no evidence that could overcome a defense of qualified immunity." *See Chavez v. Robinson*, 817 F.3d 1162, 1169 (9th Cir. 2016).

Plaintiff's complaint does not contain grounds showing that he is entitled to the relief he seeks. Plaintiff names Seattle Chief of Police Adrian Diaz and King County Prosecuting Attorney Daniel Satterberg as Defendants. (Dkt. No. 5 at 2, 4.) He alleges that, under Chief Diaz's direction, unnamed Seattle Police Department officers "falsely accused me of committing a serious offense . . . and falsely stated a claim of threatening a government facility while in custody." (*Id.* at 4.) Plaintiff further alleges that "[t]he Prosecuting attorney later dropped charges for a D.V. assault against my attacker" for "unknown" reasons. (*Id.* at 5.)

Even applying the Ninth Circuit's directive to construe *pro se* complaints liberally, the Court cannot find that Plaintiff has stated a claim upon which relief can be granted. *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). First, Plaintiff's complaint fails to demonstrate how the conduct at issue violated *clearly established law*—a requirement to defeat a police officer's qualified immunity. *See Wood v. Ostrander*, 879 F.2d 583, 593 (9th Cir. 1989). Second, to hold Chief Diaz liable for an officer's conduct, Chief Diaz must have "participated in or directed the violation, or knew of the violation and failed to prevent it." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The complaint contains no such allegations. (*See generally* Dkt. No. 5.) Third, nothing in the complaint suggests that Prosecuting Attorney Satterberg was *not* acting as an officer of the court when he undertook conduct that Plaintiff considers to be actionable. (*See id.* Dkt. No. 5.) Therefore, the claims sought against Mr. Satterberg are barred by prosecutorial immunity. *See Van de Kamp v. Goldstein*, 555 U.S. 335, 342 (2009).

Although the Court finds that the complaint fails to state a claim upon which relief can be granted, it will not dismiss the underlying claims unless "it is absolutely clear that no amendment

MINUTE ORDER
C22-0513-JCC
PAGE - 2

1  can cure the [complaint's] defect[s]." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).
2  Accordingly, the Court ORDERS that Plaintiff file an amended complaint no later than 21 days
3  from the date of this order. In his amended complaint, Plaintiff must allege facts (not legal
4  conclusions) addressing the infirmities described above. If he is unable to do so, the Court will
5  dismiss the case.
6        The Clerk is DIRECTED to mail a copy of this order to Plaintiff.

8        DATED this 22nd day of April 2022.

                                                    Ravi Subramanian
                                                    Clerk of Court

                                                    s/Sandra Rawski
                                                    Deputy Clerk

MINUTE ORDER
C22-0513-JCC
PAGE - 3